of account; (5) check stubs were not retained after the end of each current year; (6) canceled check vouchers were retained but most of those concerning which testimony was given were payable to " Cash; " (7) between 1931 and 1936 respondent had checks aggregating $46,423.83 (nearly all payable to " Cash ") cashed by the proprietor of a cigar stand in the building in which respondent made his office; respondent was unable to explain the use of the greater number of these checks; (8) bills of particulars and pleadings in actions brought by respondent were always unverified; (9) between June, 1933, and October, 1935, respondent was retained and sought to recover damages for personal injuries for a man and his wife, or for either alone, three claims under one name, two under another name, and three others under a still different name in each of the three actions, there being five different names for eight causes; (10) one Burke, who had no regular vocation, recommended to respondent over a period of ten years, twelve to twenty cases. He was not called as a witness and respondent proved a half-hearted effort to locate him. Comment is unnecessary. The court cannot agree with the conclusion of the official referee. The motion to confirm the report of the official referee is denied, and the motion of the petitioner that respondent should be disciplined is granted. Respondent was admitted in 1925, has borne a good reputation, and has not had any difficulties with clients over questions of finance. Respondent is suspended from the practice of the law for a period of three years. Present — Lazansky, P. J., Carswell, Davis, Johnston and Taylor, JJ.

In the Matter of the Application of QUEENS COUNTY BAR ASSOCIATION in Respect of SAMUEL JUSTER, an Attorney and Counselor at Law.— Resignation accepted and name ordered to be struck from the roll of attorneys. Present — Lazansky, P. J., Hagarty, Davis, Johnston and Close, JJ.

In the Matter of the Application of KOSCH, LEWIS & REUBEN, Attorneys, to Have Fixed and Determined Their Compensation for Professional Services Rendered by Them to CHARLES ARTHUR McKEVETT, Both as a Distributee and as Administrator, etc., of BERT McKEVETT, Deceased. CHARLES ARTHUR McKEVETT, Individually, Appellant; KOSCH, LEWIS & REUBEN, Attorneys, Respondents. (Appeal No. 1.) In the Matter of the Application of KOSCH, LEWIS & REUBEN, Attorneys, to Have Fixed and Determined Their Compensation for Professional Services Rendered by Them to CHARLES ARTHUR McKEVETT, Both as a Distributee and as Administrator, etc., of BERT McKEVETT, Deceased. CHARLES ARTHUR McKEVETT and ETTA SPRING McKEVETT, as Administrators, etc., of BERT McKEVETT, Deceased, Appellants; KOSCH, LEWIS & REUBEN, Attorneys, Respondents. (Appeal No. 2.) — Motions for leave to appeal to the Court of Appeals denied. Present — Lazansky, P. J., Hagarty, Davis, Johnston and Taylor, JJ.

LARCHMONT SHORE CLUB, INC., Respondent, v. SEYMOUR B. FIELD, Appellant. — Motion for reargument denied, with ten dollars costs. Motion for leave to appeal to the Court of Appeals denied. Present — Lazansky, P. J., Hagarty, Davis, Johnston and Taylor, JJ.

NEW YORK RAPID TRANSIT CORPORATION, Appellant, v. THE CITY OF NEW YORK, FRANK J. TAYLOR, Comptroller of the City of New York, and Others, Respondents.— Motion for leave to appeal to the Court of Appeals denied. Present — Lazansky, P. J., Hagarty, Davis, Johnston and Taylor, JJ.

PORT CHESTER WINE & LIQUOR SHOP, INC., and JOSEPH GIOFFRE, Appellants, v. MILLER BROS. FRUITERERS, INC., Respondent.— Motion for leave to appeal